CARLOS LAMOUTTE, Plaintiff and Appellee, v. BOARD OF DENTAL EXAMINERS, ETC., Defendant and Appellant.

No. 7612. Argued June 14, 1938.—Decided January 19, 1939.

R. Cuevas Zequeira for appellant.   C. J. Juliá for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The Board of Dental Examiners appeals from an adverse judgment in a mandamus proceeding, and submits that the

district court erred in overruling a motion to strike certain portions of the petition for a writ of mandamus. The district judge held that the averments in question were not immaterial or impertinent. Appellant refers to the motion as sufficient on its face to show that the district judge was mistaken. We have read the motion, and we are unable to agree with appellant that the error here complained of is self evident. In any event the error, if any, was not of sufficient importance to require a reversal of the judgment.

The second assignment is that the district court erred in sustaining the petition and in rendering the judgment appealed from. It would suffice to say, perhaps, that this assignment is entirely too general. The argument is, however, that a certain joint resolution upon which both the mandamus proceeding and the judgment of the district court were based was void because: (*a*) Section 34 of the Organic Act provides that "no law shall be passed except by bill"; (*b*) It forbids the amendment of any law "by reference to its title only"; (*c*) Section 2 forbids the enactment of any law which denies to any person the "equal protection of the laws"; (*d*) The insular legislature can not encroach upon the judicial power vested in the courts by section 40; (*e*) Section 34 also provides that "the presiding officer of each house shall, in the presence of the house over which he presides, sign all bills and joint resolutions passed by the Legislature, after their titles shall have been publicly read, immediately before signing; and the fact of signing shall be entered on the journal".

The pertinent sections of the joint resolution in question (laws of 1936, 1294) read as follows:

"Section 1.—It is hereby declared that Carlos Lamoutte, prior to July 25, 1898, and since that date up to the present, has been practicing the profession of dental surgery.

"Section 2.—In accordance with paragraph 14 of General Military Order No. 191, of November 27, 1899, and by the tolerance of the Government of Spain, he could have acquired a license for the

practice of that profession on account of his having practiced it under said government, but he did not acquire it on account of involuntary forgetfulness and lack of knowledge of the General Military Order.

"Section 3.—Carlos Lamoutte has practiced that profession for a term of nearly forty years.

"Section 4.—The Board of Examiners of Dentists shall issue to the said Carlos Lamoutte a license as dental surgeon.

"Section 5.—A license shall be issued by the Board of Examiners of Dentists in the form provided by General Military Order No. 191, of November 27, 1899, and for that purpose, authority to do so is conferred upon the Board of Examiners of Dentists."

The joint resolution before this Court in *Valiente & Co.* v. *Sancho Bonet, Treasurer,* 50 P.R.R. ——, was a joint resolution "levying a tax to create a fund to be known as 'Fund for the protection of Puerto Rican tobacco, and for other purposes'" (Special Session Laws, 1929, 74). Section 2 reads as follows:

"For the purpose of carrying out the provisions of this Act, a tax of one-quarter (¼) cent shall be levied or collected on each pound of tobacco harvested in Porto Rico; *Provided,* That said tax shall be collected but. once each year at the time of sale by the grower, who shall be bound to leave in the hands of the buyer the one-quarter cent a pound of tobacco provided for in this section. Buyers shall in turn pay said tax to the Treasurer of Porto Rico in such form as the latter may by regulation prescribe. Such tax shall be considered as a preferred lien on the harvested product. The Treasurer of Porto Rico shall levy and collect the aforesaid tax, and he is hereby authorized to make such rules and regulations. as may be necessary for the collection of the tax."

To that extent, at least, the joint resolution of 1929 was a "law" within the meaning of that term as used in section 34 of the Organic Act. The Joint Resolution in the instant case is not such a "law". It was not an amendment of any law within the meaning of the prohibition which forbids the amendment of any law "by reference to its title only". It merely creates an exemption. It does not deny to any person the equal protection of the law. It does not discriminate

against other aspirants, if any, who may be in the same or similar situation. It is only fair to assume that any such aspirant may apply to the insular legislature and upon a proper showing obtain like relief. There is no invasion of the judicial power. The only authorities cited by appellant can hardly be said to require a different conclusion. They are:

*Municipal Assembly* v. *District Court,* 51 P.R.R. ——.

*Marín Water etc. Co.* v. *California R. Commission,* 171 Cal. 706, 712.

Cooley Constitutional Limitations (7th Ed.) 132.

Sinking Fund Cases, 99 U. S. 700, 761.

Appellant refers to an admission by the parties that Rafael Alonso Torres signed the joint resolution as Speaker while the Speaker was on the floor taking part in the debate. The trial judge in the statement of the case and opinion mentions a stipulation to the effect that the joint resolution was signed by Alonso Torres—a representative at-large and vice-president of the House—as Speaker pro tempore, while the Speaker was making a speech on the floor. The stipulation referred to is not before us. The trial judge held that the resolution must be presumed to have been signed by the presiding officers of the two Houses, but said that in any event the Acting Speaker was the de facto presiding officer of the House. Neither of these conclusions is assigned as error and this aspect of the case is not discussed by appellant. We can not assume with counsel for appellant that the joint resolution is void merely because it was signed by Alonso Torres as presiding officer of the House, while the Speaker was on the floor.

The judgment appealed from must be affirmed.

Mr. Justice Travieso and Mr. Justice De Jesús took no part in the decision of this case.